### UNITED STATES

### v.

**Airman Harold L. VADEN, FR 229–74–9874 3320th Retraining Squadron Lowry Technical Training Center (ATC).**

### ACM S24366.

U. S. Air Force Court of Military Review.

Sentence Adjudged 22 Oct. 1975.

Decided 10 June 1976.

struction to the court members to consider *all matters* in aggravation "heard today."

Appellate counsel for the Accused: Colonel Jerry E. Conner and Major Byron D. Baur.

Appellate counsel for the United States: Colonel Julius C. Ullerich, Jr., Captain Alvin E. Schlechter and Lieutenant Colonel Abraham A. Dash, USAFR.

## DECISION

SANDERS, Judge.

The accused was tried by special court-martial for two offenses of aggravated assault and one offense of violating a lawful order, in violation of Articles 128 and 92, Uniform Code of Military Justice, 10 U.S.C. §§ 928, 892. He entered pleas of not guilty; however, by appropriate exceptions and substitutions, he was found guilty of two offenses of assault consummated by a battery. The approved sentence extends to a bad conduct discharge, confinement at hard labor for two months, forfeiture of $240.00 per month for two months and reduction to airman basic.

Several assertions of error have been advanced by appellate defense counsel. Although we find them to be lacking in merit, one issue warrants comment. This matter concerns the allegation that the accused was prejudiced by the failure of the military judge to cause a sanity board to be conducted once he ruled the issue of sanity had been raised by the evidence.

Prior to entering the accused's pleas, the defense stated that they had just decided that morning to move "for appropriate relief in the form of a supplementary or a new psychiatric evaluation." Some time before trial, the defense requested a psychiatric evaluation. The request did not state a belief that the accused was insane at the time of the offenses or set forth any facts or basis for such a conclusion, however, an evaluation was performed by the Chief of the Mental Health Clinic at Lowry Air Force Base, Colorado, a psychiatrist. Succinctly, the evaluation concluded that the accused was sane. In support of the motion the defense averred that they had no choice in selecting the psychiatrist, who was employed by the United States Government. Without establishing any hint of bias or partiality on the part of the psychiatrist or the lack of professional qualification, defense requested that they be allowed to choose their own psychiatrist for a supplementary or new evaluation or that the Government be required to pay reasonable fees for a civilian psychiatrist. This motion was properly denied. *United States v. Johnson*, 22 U.S.C.M.A. 424, 47 C.M.R. 402 (1973).

Regarding the two assault offenses, the prosecution's evidence established that the accused had entered a dayroom in the Retraining Group, Lowry Air Force Base, Colorado, and without any warning started throwing pool balls. He hit two individuals with enough force to stun them and to cause some degree of injury. The evidence also establishes that the accused had been drinking and that he was upset, apparently caused by a disturbing phone conversation with his estranged wife.

In describing the incident, several witnesses indicated that the accused appeared extremely upset or mad, and that his actions were out of character for him as they had never seen him so violent before. One witness testified that the accused's speech was somewhat incoherent and that he appeared to be in a slight daze.

Prior to resting its case, the Government requested an interlocutory ruling as to whether the question of mental responsibility had been sufficiently raised to require the Government to go forward with evidence concerning sanity. The military

judge ruled that the issue had been sufficiently raised and that he contemplated giving an instruction on the matter. At that point, the prosecution proceeded in the presentation of its case and called the psychiatrist as a witness. The substance of his testimony was that the accused could distinguish right from wrong and could adhere to the right, that he was suffering from a character-behavior disorder and that the consumption of alcohol appeared to have allowed the accused to act out his conflicts more readily. The psychiatrist also testified that in arriving at this opinion, he interviewed the accused on two occasions, went over the results of psychological testing that had been administered to the accused and that he reviewed the accused's social history. The defense presented no evidence on the merits of the case or on the issue of the accused's sanity. Prior to the closed session deliberations, the military judge properly instructed the court on the issue of the accused's mental responsibility.

As we interpret appellate defense counsel's position, they urge that once the military judge ruled mental responsibility had been raised, the trial had to stop and a sanity board necessarily had to be convened. We do not believe such to be the case. ▪▪▪▪ Although the sanity of the accused is presumed, the burden of proving sanity, like every other fact necessary to prove an offense, is always on the prosecution. And, when the sanity of the accused becomes an issue, the prosecution should introduce any available evidence tending to prove his sanity. Paragraph 122, Manual for Courts-Martial, United States, 1969 (Rev.). Assuming the correctness of the military judge's ruling that the issue had been sufficiently raised to require the Government to go forward with evidence concerning the accused's sanity, we are satisfied the prosecution met that burden. We do not find any requirement in the Manual, supra, or elsewhere in the law that a sanity board had to be convened at that point.

For that matter, it is not even necessary that expert witnesses be called by the prosecution to prove an accused's sanity. United States v. Carey, 11 U.S.C.M.A. 443, 29 C.M.R. 259 (1960); paragraph 122c, Manual, supra. See also United States v. Oakley, 11 U.S.C.M.A. 187, 29 C.M.R. 3 (1960); United States v. Bobbitt, 48 C.M.R. 302 (A.F.C.M.R. 1974).

Although the court could have determined to make a further inquiry into the issue of the accused's sanity, including making a recommendation that the accused be examined by a sanity board[1] (paragraph 122b (2) and 122c, Manual, supra ), such was not the case. Apparently the court members felt that they had sufficient evidence before them to resolve the issue since they did not request further evidence or witnesses as to the accused's sanity. Nor, for that matter, did the defense present any evidence or request further inquiry following the presentation of the prosecution's evidence on the issue.

As we view the situation in this case, the military judge ruled that the sanity issue was raised sufficiently to require the Government to go forward with the evidence. The Government did so and presented unrebutted expert testimony on the issue. Under the circumstances, further inquiry was not indicated or required. The court had the necessary evidence for it to resolve the issue under proper instructions. They were obviously convinced beyond a reasonable doubt, as are we, that the accused was legally sane at the time of the offenses for which he was convicted.

The approved findings of guilty and sentence are

Affirmed.

ROBERTS, Senior Judge, and ORSER, Judge, concur.

HERMAN, Judge, was absent.

1. Paragraph 121, Manual, supra, "INQUIRY BEFORE TRIAL", provides for the referral of an accused to a sanity board prior to trial if an initial inquiry indicates a reasonable basis for a belief that the accused is insane.